## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **PATENT HARBOR, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **TWENTIETH CENTURY FOX HOME** | § | **JURY TRIAL DEMANDED** |
| **ENTERTAINMENT, LLC, FOX** | § | |
| **SEARCHLIGHT PICTURES, INC., LIONS** | § | |
| **GATE ENTERTAINMENT, INC., THE** | § | |
| **WALT DISNEY COMPANY, BUENA** | § | |
| **VISTA HOME ENTERTAINMENT, INC.,** | § | |
| **THE WEINSTEIN COMPANY, LLC,** | § | |
| **MAGNOLIA PICTURES, LLC, NU IMAGE,** | § | |
| **INC., FIRST LOOK STUDIOS, INC., TIME** | § | |
| **WARNER, INC., NEW LINE HOME** | § | |
| **ENTERTAINMENT, INC., WARNER** | § | |
| **BROS. HOME ENTERTAINMENT, INC.,** | § | |
| **AMBLIN ENTERTAINMENT, INC., STARZ** | § | |
| **ENTERTAINMENT, LLC, ANCHOR BAY** | § | |
| **ENTERTAINMENT, LLC, OVERTURE** | § | |
| **FILMS, LLC, LIGHTSTORM** | § | |
| **ENTERTAINMENT, INC., SUMMIT** | § | |
| **ENTERTAINMENT, INC., SBO PICTURES,** | § | |
| **INC., VIVID ENTERTAINMENT GROUP,** | § | |
| **PLAYBOY ENTERPRISES, INC., CJI** | § | |
| **ENTERTAINMENTS, INC., LARRY FLYNT** | § | |
| **PUBLICATIONS, INC., HUSTLER VIDEO,** | § | |
| **VCA PICTURES, PENTHOUSE DIGITAL** | § | |
| **MEDIA PRODUCTIONS, INC., DNA** | § | |
| **MOVIES, LLC, BANG PRODUCTIONS,** | § | |
| **INC., VENTURER ELECTRONICS, INC.** | § | |
| | § | |
| **Defendants.** | | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Patent Harbor, LLC, ("Patent Harbor")

makes the following allegations against Twentieth Century Fox Home Entertainment, LLC, Fox

Searchlight Pictures, Inc., Lions Gate Entertainment, Inc., The Walt Disney Company, Buena Vista Home Entertainment, Inc., The Weinstein Company, LLC, Magnolia Pictures, LLC, NU Image, Inc., First Look Studios, Inc., Time Warner, Inc., New Line Home Entertainment, Inc., Warner Bros. Home Entertainment, Inc., Amblin Entertainment, Inc., Starz Entertainment, LLC, Anchor Bay Entertainment, LLC, Overture Films, LLC, Lightstorm Entertainment, Inc., Summit Entertainment, Inc.,  SBO Pictures, Inc., Vivid Entertainment Group, Playboy Enterprises, Inc., CJI Entertainments, Inc., Larry Flynt Publications, Inc., Hustler Video, VCA Pictures, Penthouse Digital Media Productions, Inc., DNA Movies, LLC, Bang Productions, Inc., and Venturer Electronics, Inc. (collectively the "Defendants" and/or "each Defendant").

## PARTIES

1.      Patent Harbor is a corporation organized under the laws of the State of Texas. Patent Harbor maintains its principal place of business at 100 East Ferguson Street, Suite 806, Tyler, Texas 75702.

2.      Upon information and belief, Defendants Twentieth Century Fox Home Entertainment, LLC and Fox Searchlight Pictures, Inc. (collectively "Twentieth Century Fox") are, and at all relevant times mentioned herein were, corporations organized and existing under the laws of the State of Delaware with a principal place of business at 10201 W. Pico Blvd., Los Angeles, California 90035.  Twentieth Century Fox manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Twentieth Century Fox may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.      Upon information and belief, Defendant Lions Gate Entertainment, Inc. ("Lions Gate") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2700 Colorado Ave., Suite 200, Santa Monica, California 90404.  Lions Gate manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Lions Gate may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      Upon information and belief, Defendant The Walt Disney Company ("WDC") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 500 S. Buena Vista Street, Burbank, California 91521.    Upon information and belief, Defendant Buena Vista Home Entertainment, Inc. ("Buena Vista") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 500 S. Buena Vista Street, Burbank, California 91521.  WDC and Buena Vista are collectively referred to herein as "Disney."  Disney manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Buena Vista may be served with process by serving its registered agent, Marsha L. Reed, 500 S. Buena Vista Street, Burbank, California 91521.  WDC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.      Upon information and belief, Defendant The Weinstein Company, LLC ("Weinstein") is, and at all relevant times mentioned herein was, a corporation organized and

existing under the laws of the State of Delaware with a principal place of business at 345 Hudson Street, 13th Floor, New York, New York 10014. Weinstein manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas. Weinstein may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.     Upon information and belief, Defendant Magnolia Pictures, LLC ("Magnolia") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1614 West 5th Street, Austin, Texas 78703. Magnolia manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas. Magnolia may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Upon information and belief, Defendant NU Image, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 6423 Wilshire Blvd., Los Angeles, California 90048. Upon information and belief, Defendant First Look Studios, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2000 Avenue of the Stars, Suite 410, Century City, California 90067. NU Image, Inc. and First Look Studios, Inc. are collectively referred to herein as "NU Image". NU Image manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas. NU Image, Inc. may be served with process by serving its registered agent, Trevor Short, 6423 Wilshire Blvd., Los Angeles, California 90048. First Look Studios, Inc. may be served with

process by serving its registered agent, Paracorp. Incorporated, 40 E. Division Street, # A, Dover, Delaware 19901.

8.      Upon information and belief, Defendant Time Warner, Inc. ("Time Warner") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Time Warner Center, New York, New York 10019.  TWI manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  TWI may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9.      Upon information and belief, Defendant Warner Bros. Home Entertainment, Inc. ("Warner Bros.") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Time Warner Center, New York, New York 10019.  Warner Bros manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Warner Bros may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.     Upon information and belief, Defendant New Line Home Entertainment, Inc. ("New Line") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York with a principal place of business at 888 7th Avenue, 19th Floor, New York, New York 10106.  New Line manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern

5

District of Texas.  New Line may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

11.    Upon information and belief, Defendant Amblin Entertainment, Inc. ("Amblin") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 130 South Rodeo Drive, Beverly Hills, California 90212.  Amblin manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas. Amblin may be served with process by serving its registered agent, Michael Rutman, 11400 W. Olympic Blvd., Suite 550, Los Angeles, California 90064.

12.    Upon information and belief, Defendant Starz Entertainment, LLC ("Starz Entertainment") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Colorado with a principal place of business at 12300 Liberty Blvd., Englewood, Colorado 80112.  Upon information and belief, Defendant Anchor Bay, LLC ("Anchor Bay") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1699 Stutz Drive, Troy, Michigan 48084.  Upon information and belief, Defendant Overture Films, LLC ("Overture") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 9242 Beverly Blvd., Suite 200, Beverly Hills, California 90210.  Starz Entertainment, Anchor Bay and Overture are collectively referred to herein as "Starz."  Starz manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Starz Entertainment may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., 1560 Broadway, Suite 2090,

Denver, Colorado 80202.  Anchor Bay and Overture may be served with process by serving their registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13.    Upon information and belief, Defendant Lightstorm Entertainment, Inc. ("Lightstorm") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 919 Santa Monica Blvd., Suite 300, Santa Monica, California 90401.  Lightstorm manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Lightstorm may be served with process by serving its registered agent, Patrick Dunn, 16255 Ventura Blvd., No. 525, Encino, California 91436.

14.    Upon information and belief, Defendant Summit Entertainment, LLC ("Summit") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1630 Stewart Street, Suite 120, Santa Monica, California 90404.  Summit manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Summit may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

15.    Upon information and belief, Defendant SBO Pictures, Inc. ("SBO") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 9040 Eton Avenue, Canoga Park, California 91304.  SBO manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  SBO may be served

with process by serving its registered agent, Steven B. Orenstein, 9040 Eton Avenue, Canoga Park, California 91304.

16.     Upon information and belief, Defendant Vivid Entertainment Group ("Vivid") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with a principal place of business at 3599 Cahuenga Blvd. W., Los Angeles, California 90068.  Vivid manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Vivid may be served with process by serving its registered agent, Steven Alan Hirsch, 3599 Cahuenga Blvd., 4th Floor, Los Angeles, California 90068.

17.     Upon information and belief, Defendants Playboy Enterprises, Inc. and CJI Entertainments, Inc. (collectively "Playboy") are, and at all relevant times mentioned herein were, corporations organized and existing under the laws of the State of Delaware with a principal place of business at 680 North Lake Shore Drive, Chicago, Illinois 60611.  Playboy manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Playboy may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

18.     Upon information and belief, Defendants Larry Flynt Publications, Inc., Hustler Video and VCA Pictures (collectively "Hustler") are, and at all relevant times mentioned herein were, corporations organized and existing under the laws of the State of California with a principal place of business at 8484 Wilshire Blvd., Suite 900, Beverly Hills, California 90211.  Hustler manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Hustler may be served with

process by serving its registered agent, Michael H. Klein, 8484 Wilshire Blvd., Suite 900, Beverly Hills, California 90211.

19.     Upon information and belief, Defendant Penthouse Digital Media Productions, Inc. ("Penthouse") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York with a principal place of business at 6800 Broken Sound Parkway NW, Suite 100, Boca Raton, Florida 33487.  Penthouse manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Penthouse may be served with process by serving its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

20.     Upon information and belief, Defendant DNA Movies, LLC ("DNA") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York with a principal place of business at 630 Ninth Avenue, Suite 207, New York, New York 10036.  DNA manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  DNA may be served with process by serving any officer located at its principal place of business at 630 Ninth Avenue, Suite 207, New York, New York 10036.

21.     Upon information and belief, Defendant Bang Productions, Inc. ("Bang") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Florida with a principal place of business at 10840 SW 113 Place, Miami, Florida 33176.  Bang manufactures for sale and/or sells DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Bang may be served with process by serving its registered agent, A1A Registered Agent, Inc., 5647 110th Avenue N., Royal Palm Beach, Florida 33411.

22.     Upon information and belief, Defendant Venturer Electronics, Inc. ("Venturer") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the Province of Ontario with a principal place of business at 725 Denison Street, Markham, Ontario, L3R 1B8, Canada, and a U.S. corporate address at ALCO Electronics, Inc., 8392 Six Forks Road, Suite 104, Raleigh, NC 27615.  Venturer manufactures for sale and/or sells DVD players to consumers in the United States and, more particularly, in the Eastern District of Texas.  Venturer may be served with process by serving the Ministry of the Attorney General, Courts Administration, Court House (Provincial Division), 393 Main Street, Halleybury, Ontario, P0J 1K0, Canada.

## JURISDICTION AND VENUE

23.     This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.

24.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

25.     This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Upon information and belief, these infringing products have been and continue to be purchased by consumers in the Eastern District

of Texas.  Each Defendant has committed the tort of patent infringement within the State of

Texas and, more particularly, within the Eastern District of Texas.

26.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and

1400(b).

**COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. 5,684,514**

27.     Patent Harbor refers to and incorporates all preceding paragraphs as though fully

set forth herein.

28.     United States Patent No. 5,684,514 ("the '514 Patent"), entitled "Apparatus and

Method for Assembling Content Addressable Video" was duly and legally issued by the United

States Patent and Trademark Office on November 4, 1997, after full and fair examination.  Patent

Harbor is the assignee of all rights, title, and interest in and to the '514 Patent and possesses all

rights of recovery under the '514 Patent, including the right to recover damages for past

infringements.  A true and correct copy of the '514 Patent is attached as Exhibit A.

29.     Upon information and belief, Twentieth Century Fox manufactures, uses, sells,

offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or

other forms of video entertainment, including, but not limited to, *Predators*.  The authoring of

the Twentieth Century Fox DVD and Blu-Ray discs, with their content-addressing features (e.g.

illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the

authored discs, infringe one or more claims of the '514 Patent.

30.     Upon information and belief, Lions Gate manufactures, uses, sells, offers to sell

and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of

video entertainment, including, but not limited to, *Kick Ass*.  The authoring of the Lions Gate

DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene

selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

31.     Upon information and belief, Disney manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Chronicles of Narnia, The Lion, The Witch and The Wardrobe*.  The authoring of the Disney DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

32.     Upon information and belief, Weinstein manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *A Single Man*.  The authoring of the Weinstein DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

33.     Upon information and belief, Magnolia manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *World's Greatest Dad*.  The authoring of the Magnolia DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

34.     Upon information and belief, NU Image manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Brooklyn's Finest*.  The authoring of the NU

Image DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

35.     Upon information and belief, Time Warner manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, HBO's *The Wire*.  The authoring of the Time Warner DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

36.     Upon information and belief, Warner Bros. manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Harry Potter and the Half Blood Prince*.  The authoring of the Warner Bros. DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

37.     Upon information and belief, New Line manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Inkheart*.  The authoring of the New Line DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

38.     Upon information and belief, Amblin manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of

video entertainment, including, but not limited to, *Letters from Iwo Jima*.  The authoring of the Amblin DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

39.     Upon information and belief, Starz manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *City Island*.  The authoring of the Starz DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

40.     Upon information and belief, Lightstorm manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Avatar*.  The authoring of the Lightstorm DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

41.     Upon information and belief, Summit manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *The Twilight Saga: New Moon*.  The authoring of the Summit DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

42.     Upon information and belief, SBO manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *A Hard Days Work*.  The authoring of the SBO DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

43.     Upon information and belief, Vivid manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Sounds of Obsession*.  The authoring of the Vivid DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

44.     Upon information and belief, Playboy manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Sexiest Amateur Home Videos, Vol. 4* and CJI's *Cougar Prowl*.  The authoring of the Playboy DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

45.     Upon information and belief, Hustler manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *This Ain't Cops*.  The authoring of the Hustler DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene

selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

46.     Upon information and belief, Penthouse manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Immoral Hotel*.  The authoring of the Penthouse DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

47.     Upon information and belief, DNA manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Promiscuous Girls*.  The authoring of the DNA DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

48.     Upon information and belief, Bang manufactures, uses, sells, offers to sell and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment, including, but not limited to, *Bang Bus 28*.  The authoring of the Bang DVD and Blu-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent.

49.     Defendants listed in paragraphs 29-48 above (collectively, "the '514 Defendants") have actual notice of the '514 Patent at least as early as the filing of this Original Complaint.

50.     Upon information and belief, the '514 Defendants are infringing one or more claims, including but not limited to claim 1 of the '514 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (i) making, using, offering to sell, and/or selling within the United States the patented information of one or more claims of the '514 Patent or a product made by the patented process of one or more claims of the '514 Patent; (ii) importing into the United States the patented invention of one or more claims of the '514 Patent or a product made by the patented process of one or more claims of the '514 Patent; and/or (iii) indirectly infringing one or more claims of the '514 Patent by means of jointly infringing, inducing infringement and/or contributing to infringement through directly contracting with and/or directing contractors to perform infringing acts of their behalf.

51.     Patent Harbor has been damaged as a result of the '514 Defendants' infringing conduct.  The '514 Defendants are, thus, liable to Patent Harbor in an amount that adequately compensates Patent Harbor for the '514 Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

52.     The Defendants will continue to infringe the claims of the '514 Patent unless a post judgment royalty is awarded.

53.     Patent Harbor is in compliance with the requirements of 35 U.S.C. § 287, to the extent applicable.

54.     As a result of the Defendants' acts of infringement, Patent Harbor has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 5,977,992

55.     Patent Harbor refers to and incorporates all preceding paragraphs as though fully set forth herein.

56.     United States Patent No. 5,977,992 ("the '992 Patent"), entitled "Apparatus and Method for Assembling Content Addressable Video" was duly and legally issued by the United States Patent and Trademark Office on November 2, 1999, after full and fair examination.  Patent Harbor is the assignee of all rights, title, and interest in and to the '992 Patent and possesses all rights of recovery under the '992 Patent, including the right to recover damages for past infringements.  A true and correct copy of the '992 Patent is attached as Exhibit B.

57.     Upon information and belief, Venturer manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products that infringe one or more claims of the '992 Patent; and/or Venturer induces and/or contributes to infringement of one or more claims of the '992 Patent, including providing specific direction to customers to infringe.

58.     Upon information and belief, Venturer manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale DVD and/or Blu-ray players, including, but not limited to, the Venturer KLV39082 DVD Player, and Venturer PVS8381 Portable DVD Player.  The Venturer players, with their menu selection features, infringe one or more claims of the '992 Patent.

59.     Patent Harbor is in compliance with the requirements of 35 U.S.C. § 287. Venturer has had actual notice of the '992 Patent since at least as early as July 2010.

60.     As a result of the Venturer's acts of infringement, Patent Harbor has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

Patent Harbor prays for the following relief:

A.     A judgment that the '514 Defendants have infringed the '514 Patent as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the '514 Patent, as alleged herein;

B.     A judgment that Venturer has infringed the '992 Patent as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the '992 Patent, as alleged herein;

C.     A judgment and order requiring Defendants to pay Patent Harbor compensatory damages in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

D.     A judgment and order requiring Defendants to pay Patent Harbor pre-judgment and post-judgment interest on the damages awarded;

E.     A judgment and order that the Defendants pay Patent Harbor an on-going post-judgment royalty for future acts of infringement, at a rate determined by the jury or the Court; and

F.     Any and all other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Patent Harbor, LLC hereby demands that all issues be determined by a jury.


DATED:       November 16, 2010            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ Keith A. Rutherford*　　　　　　　
　　　　　　　　　　　　　　　　　　　　 Keith A. Rutherford
　　　　　　　　　　　　　　　　　　　　 Texas State Bar No. 17452000
　　　　　　　　　　　　　　　　　　　　 **Lead Attorney**
　　　　　　　　　　　　　　　　　　　　 John C. Cain
　　　　　　　　　　　　　　　　　　　　 Texas State Bar No. 00783778
　　　　　　　　　　　　　　　　　　　　 Scott Reese

Texas State Bar No. 24046696
WONG, CABELLO, LUTSCH,
   RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile:  (832) 446-2424
E-Mail: krutherford@counselip.com
E-Mail: jcain@counselip.com
E-Mail: sreese@counselip.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:   (903) 757-2323
E-Mail:  jw@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone:  (903) 757-8449
Facsimile:   (903) 7587397
E-Mail:  ema@emafirm.com

**COUNSEL FOR PLAINTIFF**
**PATENT HARBOR, LLC**