**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **PATENT HARBOR, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| **LG ELECTRONICS, INC., ET AL.** | § | **6:10-cv-00436 LED** |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |
| | | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| **TWENTIETH CENTURY FOX** | § | **6:10-cv-00607 LED** |
| **HOME ENTERTAINMENT LLC, ET** | § | |
| **AL.** | § | **JURY TRIAL DEMANDED** |
| | | |
| **Defendants.** | | |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT
<u>INVALIDITY CONTENTIONS</u>**

**TABLE OF CONTENTS**

I.     Introduction ................................................................................................................. 1
II.    Facts ............................................................................................................................ 1
III.   Applicable Law ........................................................................................................... 3
IV.    Argument .................................................................................................................... 3
       A.  Defendants Fail to Adequately Explain Their Failure to Include the Material
           They Now Seek to Add in Their Initial Invalidity Contentions......................................3
       B.  The Importance of the Proposed Amendments Do Not Provide Ample Good
           Cause for Amendment ....................................................................................................5
       C.  Amendment Would Prejudice Patent Harbor..................................................................6
       D.  No Continuance is Available Under the Present Schedule .............................................7
V.     Conclusion .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**
*Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 U.S. Dist. LEXIS 111917 (E.D. Tex. May 1, 2008) ............................................................................................................................ 4
*Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620 (E.D. Tex. 2007) ............ 6
*Davis-Lynch, Inc. v. Weatherford, Int'l, Inc.*, No. 07-cv-559, 2009 U.S. Dist. LEXIS 1644 (E.D. Tex. Jan. 12, 2009) .................................................................................................................... 3
*Finisar Corp. v. The Directv Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006) ......................... 7
*Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217 (E.D. Tex. Aug. 18, 2009) ................................................................................................................... 3

**Rules**
Eastern District of Texas Local Patent Rule 3-6(b) ....................................................................... 3

Plaintiff Patent Harbor, LLC ("Patent Harbor") hereby opposes Defendants' Motion to Supplement Invalidity Contentions (hereinafter referred to as "Motion"). As shown more fully herein, Defendants' Motion should be denied.

## I. Introduction

Defendants' Motion should be denied as they fail to demonstrate good cause to supplement their invalidity contentions. Defendants are unable to proffer an explanation as to their failure to include the new materials and reference in their amended invalidity contentions served in early December 2011. Similarly, the new materials and reference are not important enough to justify supplementation and amendment of the invalidity contentions. Patent Harbor would be prejudiced by amendment of the invalidity contentions, in view of the numerous other cases involving Patent Harbor and the large number of defendants. In addition, the effective Docket Control Order contains no room for extensions or a continuance with respect to the remaining deadlines.

## II. Facts

In July and August 2010, Patent Harbor filed the 361 and 436 lawsuits[1], respectively, asserting the '992 and '514 Patents against manufacturers of DVD and Blu-ray disc players and recorders. Patent Harbor then filed the 607[2] lawsuit on November 16, 2010, primarily against movie studios, but also against a DVD player vendor. Next, on May 9, 2011, Patent Harbor filed the 229[3] lawsuit against additional movie studios. Then, on October 13, 2011, Patent Harbor

---

[1] Civil Actions 6:10-cv-00361 and 6:10-cv-00436, respectively.
[2] Civil Action 6:10-cv-00607.
[3] Civil Action 6:11-cv-00229.

filed 8 new related cases[4] against individual movie studios that were named in stipulations by various defendants in the 229 case. The stipulating defendants were then dismissed from the 229 case. With the exception of two cases[5], all of the above cases remain pending before the Eastern District of Texas.

Pursuant to the Docket Control Order agreed to by the parties in the 361, 436, and 607 cases and entered by the Court, Defendants' deadline to comply with P.R. 3-3 and 3-4(b) (Invalidity Contentions and related document production) was June 17, 2011. After the Court granted the 361, 436, and 607 Defendants' unopposed request for an extension, they served their Invalidity Contentions on June 21, 2011.

The Court conducted a *Markman Hearing* on October 4, 2011. After the Court issued its *Markman* Order on October 24, 2011 for the 361, 436, and 607 lawsuits, the parties filed their respective objections and completed all related briefing.

On November 22, 2011, the Defendants in the 361, 436, and 607 lawsuits moved for leave to supplement their invalidity contentions– seeking leave to include a video created by or on behalf of Advanced Interaction, as a prior art reference. Patent Harbor did not oppose Defendants' motion to supplement their invalidity contentions and the Court permitted the supplementation on November 23, 2011. On December 7, 2011, Defendants served their amended invalidity contentions.

Now, Defendants seek once against to supplement their invalidity contentions based on new information discovered regarding Elastic Charles in early December 2011; the Avid/1 Media Composer in late November 2011, and the Mills Patent following the *Markman* Order in

---

[4] Civil Actions 6:11-cv-00535, 6:11-cv-00536, 6:11-cv-00537, 6:11-cv-00538, 6:11-cv-00539, 6:11-cv-00540, 6:11-cv-00541, and 6:11-cv-00542.
[5] Civil Actions 6:11-cv-00536 and 6:11-cv-00539.

late October 2011. Counsel for Defendants forwarded the supplemental and new charts to counsel for Patent Harbor on December 16, 2011. During a meet and confer regarding the Motion, counsel for Patent Harbor informed counsel for Defendants that they were opposed to amendment of the invalidity contentions.

### III. Applicable Law

A party must seek leave from the Court to amend or supplement its invalidity contentions after the deadline for serving the contentions has passed. The Eastern District of Texas's Local Patent Rule 3-6(b) specifies that amendments to invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." The Court's discretion is guided by four factors: (1) the explanation for the moving party's delay; (2) the importance of the proposed amendment; (3) the potential prejudice to the non-moving party; and (4) the availability of a continuance to cure such prejudice and the impact of a further delay on judicial proceedings." *See, e.g., Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, at *18 (E.D. Tex. Aug. 18, 2009); *Davis-Lynch, Inc. v. Weatherford, Int'l, Inc.*, No. 07-cv-559, 2009 U.S. Dist. LEXIS 1644, at *8 (E.D. Tex. Jan. 12, 2009).

### IV. Argument

#### A. Defendants Fail to Adequately Explain Their Failure to Include the Material They Now Seek to Add in Their Initial Invalidity Contentions

The Mills patent is a publicly available reference. The patent was filed on June 8, 1990 and issued on August 17, 1993. Defendants fail to articulate their reasoning behind their failure to include the Mills patent in either their initial invalidity contentions or in their more recent amended invalidity contentions of December 2011. Instead, Defendants state that their counsel analyzed the implications of the Court's *Markman* Order on their invalidity defenses and that

3

they decided to include the Mills patent. However, Defendants do not allege that the Court's *Markman* Order requires amendment of their Invalidity Contentions. Also, the Eastern District of Texas has previously held that parties with vast combined resources should have been capable of locating publicly available materials in a timely fashion to comply with invalidity contention deadlines. *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 U.S. Dist. LEXIS 111917, at *13 (E.D. Tex. May 1, 2008). Given that the Mills patent is a publicly available resource and furthermore, given that it was available at the time that Defendants initially served their invalidity contentions and subsequent amended invalidity contentions, their recent attempt to add such existing alleged prior art should be denied.

Moreover, Defendants acknowledge that they have been aware of the Elastic Charles and Avid/1 Media Composer Systems since filing their original Invalidity Contentions on June 21, 2011. Third party discovery has been open in this litigation since October 24, 2011. With diligence, Defendants could have investigated these systems and found the art they now seek to add instead of waiting until this late date.

In addition, Defendants fail to explain why their Amended Invalidity Contentions served back on December 7, 2011, did not include the new information they now seek to add. If the new information was discovered post-*Markman* in late November/early December[6], surely, Defendants should have at least attempted to include such information in their Amended Invalidity Contentions. Instead, Defendants waited until December 16, 2011, to bring the additional materials and new claim charts to the attention of Patent Harbor's counsel.

---

[6] Defendants' Motion provides that they received the two videos depicting the Elastic Charles system in early December 2011. *See* Motion, p. 4. Defendants claim they analyzed the additional Avid/1 materials in late November 2011 and early December 2011. *Id.* Lastly, Defendants claim that they considered the Mills patent following the Court's *Markman* Order on October 24, 2011. *Id.*, at p. 5.

Defendants' delay and lack of diligence should not be countenanced by this Court, particularly since all materials which they seek to supplement were available and at least in the process of being analyzed at the time that Defendants amended their invalidity contentions.

### B. The Importance of the Proposed Amendments Do Not Provide Ample Good Cause for Amendment

Defendants do not adequately explain the importance of the new information regarding the previously disclosed Elastic Charles and Avid/1 systems and they fail to explain the importance of the Mills patent. Defendants even state that the editing system disclosed in the Mills patent is in the same field as other systems disclosed in the prior invalidity contentions. *See* Motion, p. 5. Given Defendants' admission that the Mills patent is in the same field as other systems disclosed in their invalidity contentions, this reference would not significantly affect the case. Defendants' only justification for inclusion of the Mills patent is that the illustrations contained in the reference may assist the jury understand the patent. *See* Motion, p. 5. The ability of the jury to easily understand the Mills patent cannot be permitted to outweigh the Defendants' delay and the potential prejudice to Patent Harbor.

Regarding the Elastic Charles and Avid/1 information, Defendants have already alleged invalidity based on references concerning these systems that qualifies as 102(b) art. So, the new information adds nothing in this regard. Moreover, the new information adds no technical details beyond what Defendants have already included. Instead, Defendants allege that a jury would be better able to visualize the complex invalidity contentions based on the new information. But providing the jury with a more convincing exhibit that in fact adds no technical detail is not adequate justification to excuse Defendants' delay. Indeed, if anything, allowing Defendants to

5

add flashy film strips, which add nothing to the technical analysis, is prejudicial to Patent Harbor.

### C. Amendment Would Prejudice Patent Harbor

Permitting Defendants to amend their invalidity contentions would prejudice Patent Harbor given the number of pending and related lawsuits. As explained above, there are currently ten pending lawsuits involving numerous defendants and the same set of patents. Permitting Defendants to amend their invalidity contentions could have severe consequences to Patent Harbor, particularly if other defendants in the other suits also decide they wish to amend and/or supplement their invalidity contentions as well.

Furthermore, permitting Defendants to amend their invalidity contentions would prejudice Patent Harbor in view of the fact that not only has this Court issued its *Markman* Order, but both parties have fully briefed claim construction and their objections to the *Markman* Order. As explained in *Computer Acceleration Corp.*

> "[t]he patent holder wants to know about every possible prior art reference that might invalidate its patent, so that it can carefully craft proposed definitions that make its patent coverage as broad as possible, perhaps even broader than the inventor ever thought possible, without being so broad as to be invalidated by some prior art reference."

*Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 623 (E.D. Tex. 2007). At the same time, "…the accused infringer wants to pin the patent holder to a claim construction it knows will be invalidated by prior art it has not disclosed, obtain a ruling from the court approving that construction, and then sandbag the patent holder with the prior art reference." *Id.* The danger for prejudice to Patent does exist here because the parties have completed claim construction briefing, the Court has issued its *Markman* Order, and the parties have also completed their objection briefing to the *Markman* Order. Defendants' delay in introducing at least the Mills patent prejudices Patent Harbor.

### D. No Continuance is Available Under the Present Schedule

As mentioned above, Patent Harbor has until February 6, 2012 to amend its own infringement contentions. Discovery is also well under way– with depositions already taking place and expert witness reports due soon in April. The Docket Control Order contains all dates leading up to trial, and there is simply no room for allowances of a continuance under the present schedule. Furthermore, "…extensions of deadlines can not be the answer to every late disclosure of information." *Finisar Corp. v. The Directv Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006).

### V. Conclusion

As demonstrated herein, Defendants have failed to prove that good cause exists for amending/supplementing their invalidity contentions. In light of Patent Harbor's reasons set forth above, Patent Harbor respectfully requests that this Court deny Defendants' Motion to Supplement Invalidity Contentions.

January 30, 2012

Respectfully Submitted,

*/s/ Keith A. Rutherford*
Keith A. Rutherford
Texas State Bar No. 17452000
**Lead Attorney**
John C. Cain
Texas State Bar No. 00783778
Scott Reese
Texas State Bar No. 24046696
WONG, CABELLO, LUTSCH,
 RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile: (832) 446-2424
E-Mail: krutherford@counselip.com
E-Mail: jcain@counselip.com

        E-Mail: sreese@counselip.com

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        WARD & SMITH LAW FIRM
        111 W. Tyler St.
        Longview, Texas 75601
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323
        E-Mail: jw@jwfirm.com

        Eric M. Albritton
        Texas State Bar No. 00790215
        Steve Edwards
        Texas State Bar No. 00784008
        ALBRITTON LAW FIRM
        111 W. Tyler St.
        Longview, Texas 75601
        Telephone: (903) 757-8449
        Facsimile: (903) 7587397
        E-Mail: ema@emafirm.com
        E-Mail: see@emafirm.com

        **COUNSEL FOR PLAINTIFF**
        **PATENT HARBOR, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of January, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        */s/ Sarah R. Cabello*