IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PATENT HARBOR, LLC, <br><br> Plaintiff, | |
| v. <br><br> AUDIOVOX CORP., et al., <br><br> Defendants. | Case No. 6:10-cv-00361 LED-JDL <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> LG ELECTRONICS, INC., et al., <br><br> Defendants. | Case No. 6:10-cv-00436 LED-JDL <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, et al., <br><br> Defendants. | Case No. 6:10-cv-00607 LED-JDL <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO SUPPLEMENT INVALIDITY CONTENTIONS**

I.  INTRODUCTION

In order to rebut Defendants' showing of good cause to supplement their Invalidity Contentions, Plaintiff was required to demonstrate <u>unfair</u> prejudice were the Motion to be granted. It failed to do so. Plaintiff does not contest that it has been aware of the Elastic Charles and Avid/1 systems described in the supplemental materials since well before discovery began, or that there is ample time under the current case schedule for it to address the Mills patent. The value of these newly-discovered materials is significant as they will greatly facilitate the jury's understanding of the prior art—a factor that weighs heavily in favor of granting leave to supplement, particularly given the lack of any showing of unfair prejudice. Finally, Defendants' diligent investigation and prompt disclosure also weigh in favor of granting leave.

II. **GOOD CAUSE EXISTS FOR DEFENDANTS TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS**

   A. **Plaintiff Failed to Make Any Showing of Unfair Prejudice**

When assessing the potential for unfair prejudice, courts consider the timing of the supplemental disclosure and whether the nonmoving party will have adequate time to respond in light of impending discovery deadlines. *See Computer Acceleration Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007); s*ee also Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-CV-434 (TJW), 2008 U.S. Dist. LEXIS 87345, at *5-6 (E.D. Tex. Oct. 29, 2008). Plaintiff was notified of Defendants' intent to amend its invalidity contentions on December 16, 2011—well before any depositions in the case had been taken[1]—and Plaintiff has been specifically aware of the Elastic Charles and Avid/1 Media Composer systems since at least June 21, 2011, when

---

[1] As of the filing of this brief, Patent Harbor has taken four depositions: two witnesses from Warner Bros. Home Entertainment who addressed 30(b)(6) technical and marketing topics (January 20 and February 1), one Summit witness who addressed technical topics (February 2), and one Buena Vista Home Entertainment witness who addressed technical and marketing topics (February 8).

Defendants served Invalidity Contentions that charted these systems and disclosed related publications. (D.I. 426 at 3-4). Fact discovery does not close until April 23, and expert discovery does not close until May 21, 2012. Thus, Plaintiff has had, and will have, ample opportunity to analyze and respond to the supplemental prior art references before trial.[2]

Plaintiff does not attempt to argue that any prejudice it might suffer would be <u>unfair</u> prejudice. Instead, Plaintiff asserts that there are ten pending lawsuits (including the instant suit) involving numerous defendants and the same set of patents, and that it could suffer "severe consequences" if these other Defendants "also decide they wish to amend and/or supplement their invalidity contentions as well." (D.I. 432 at 6). This argument makes no sense. In seven of these lawsuits, invalidity contentions have not yet been served. Defendants in all of these cases will be able to assert the prior art at issue here as a matter of right when their invalidity contentions are due.[3] Indeed, Plaintiff's discovery obligations will *require* it to disclose this prior art to defendants in those suits. Thus, this prior art will be part of the invalidity contentions in the later-filed suits; it makes no sense to exclude it from the three earlier-filed actions.

Plaintiff also argues that "Defendants' delay in introducing at least the Mills patent prejudices Patent Harbor" because the parties have completed the *Markman* proceedings. This statement is a tacit admission that Plaintiff would *not* be prejudiced by the addition of the Elastic Charles and AVID/1 materials. And at the same time, with respect to Mills, Plaintiff argues that it "would not significantly affect the case." (D.I. 432 at 5). But Plaintiff never explains why a

---

[2] Plaintiff does not contend (because it cannot) that it will have inadequate time to respond if Defendants amend their Invalidity Contentions. Instead, Plaintiff argues that "the new information adds no technical details beyond what Defendants have already included." (D.I. 432 at 5). Thus, Plaintiff should have no problem proceeding with discovery as planned.

[3] Indeed, in six of those lawsuits, all of which were filed on October 13, 2011, no Status Conference has even been scheduled. In the 229 case, the Order Setting Status Conference just issued on February 2, 2012, and the status conference will take place on March 5, 2012. Plaintiff's Infringement Contentions in the 229 case are due March 9, and Defendants invalidity contentions should be due on April 23, 2012.

2

post-*Markman* supplement that "would not significantly affect the case" would cause prejudice. There is also no bar against post-*Markman* amendments. (D.I. 426 at 7). In fact, the case schedule contemplates amendments to the invalidity contentions under local patent rule 3-6(a)(2) until March 19, 2012—more than three months after Defendants disclosed the supplemental prior art and sought leave to amend. Thus, Plaintiff has failed to establish unfair prejudice.

### B.     Defendants' Prior Art is Important

The importance of the supplemental prior art should be weighed against the danger of unfair prejudice the nonmoving party will suffer if leave to amend is granted. *Computer Acceleration Corp.*, 481 F. Supp. 2d at 625. Amendments that promote accuracy in *fully* representing a party's claims to a jury are favored, and that is exactly what the Elastic Charles and Avid/1 videos, brochure, and software do. *See Performance Pricing, Inc. v. Google, Inc.*, No. 2:07cv432, 2009 U.S. Dist. LEXIS 84211, at *12-13 (E.D. Tex. Sept. 15, 2009). Similarly, the Mills patent is valuable because it is short and contains numerous diagrams that will aid a jury's understanding of its disclosures, as well as of similar, highly relevant art.

Plaintiff's arguments to the contrary are unavailing. Plaintiff first argues that materials that simply aid a jury's understanding of Defendants' case will necessarily be prejudicial to Plaintiff, and therefore should not be permitted. (D.I. 432 at 5). But the fact that Plaintiff does not like invalidity arguments does not suffice to show unfair prejudice. Second, Plaintiff argues that the Elastic Charles and AVID/1 materials are not important because Defendants have other 35 U.S.C. § 102(b) references. (D.I. 432 at 5). But the mere fact that other 102(b) references have been disclosed does not render this different prior art unimportant. Third, Plaintiff argues that the Mills patent "would not significantly affect the case" because it is in the same field as

other references. Again, just because there are additional similar references does not render this art unimportant. Plaintiff has failed to rebut Defendants' showing that the prior art is important.

### C. Defendants Have Been Diligent in Their Prior Art Investigation

Diligence is considered in light of the strength of evidence supporting the three other factors. *See Computer Acceleration Corp.*, 481 F. Supp. 2d 620. Where, as here, the risk of unfair prejudice is low, even a lack of diligence by the moving party is insufficient to deny leave to amend. For example, in *Computer Acceleration Corp.*, defendant Microsoft sought to amend its invalidity contentions, as well as its inequitable conduct claim, with one of its own patents. The court noted that Microsoft provided no reason, other than the time constraints inherent in the case schedule, for why it could not have made this discovery earlier. *Id.* at 625. Nevertheless, the court granted leave to amend because "of the lack of unfair prejudice and the ample time for a response by [plaintiff] without disrupting the court's schedule." *Id.* at 626.

#### 1. Elastic Charles and AVID/1

In contrast to Microsoft's failure to timely disclose one of its own patents, Defendants here timely disclosed publications describing the Elastic Charles and Avid/1 systems in their June 21, 2011 Invalidity Contentions, but required the assistance of individuals with first-hand knowledge of the nearly 20-year old systems to locate and analyze the additional software, videos, and brochure, which were not easily accessible. Upon realizing these materials provided valuable additional information about the prior art systems, Defendants immediately prepared short supplemental claims charts and provided these charts and the new evidence to Plaintiff on December 16, 2011—well before any depositions had even been scheduled in the case. Defendants' timely notification to Plaintiff of this relevant prior art should be dispositive.

4


### 2. Mills Patent

Defendants similarly notified Plaintiff of the Mills patent on December 16, 2011. Plaintiff mischaracterizes *Anascape*, *LTD v. Microsoft Corp.*, No. 9:06-cv-158, 2008 U.S. Dist. LEXIS 111917, at *13 (E.D. Tex. May 1, 2008), to suggest that Defendants, some of whom are large companies, have a higher burden of proving diligence for all publicly available materials. (D.I. 432 at 4). In *Anascape*, defendants moved for leave to include two publicly available magazine articles <u>just a few weeks</u> before trial and <u>more than a year</u> after serving its preliminary invalidity contentions. *Id.* at *13. Not surprisingly, the court denied the motion. *Id.* Here, in contrast, Defendants notified Plaintiff of the Mills patent more than nine months before trial, and before depositions had begun. Again, Defendants' prompt disclosure of the highly relevant prior art provides Plaintiff substantial time to analyze and respond to the Mills patent before trial.

### D. Continuance Is Not Necessary

Although Plaintiff asserts that "no continuance is available under the present schedule," it never actually argues that it needs one.[4] Plaintiff has been on notice of Defendants' intent to use both the AVID/1 and Elastic Charles systems as prior art since June 21, 2011, and cannot argue that it needs additional time to take discovery on this art given its admission that it "adds no new technical details." The same is true of the Mills patent, which Plaintiff asserts will not have a significant effect on the case. Moreover, depositions are just beginning and expert reports are months away. And in any event, the absence of prejudice obviates the need for any continuance.

## III. CONCLUSION

For the above reasons, Defendants respectfully request that their Motion be granted.

---

[4] Plaintiff has also contradicted its position that no continuance is available by recently requesting, independent of this motion, that the parties extend all expert discovery by approximately five weeks. Defendants believe no extension is necessary, but are currently discussing this request with Plaintiff.

February 10, 2012

MORRISON & FOERSTER LLP

*/s/ Nicole M. Smith*

Vincent J. Belusko
Nicole M. Smith
Scott C. Moore
Jason J. Lee
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024
Telephone (213) 892-5200
Facsimile (213)892-5454
vbelusko@mofo.com
nsmith@mofo.com
smoore@mofo.com
jlee@mofo.com

Rickey L. Faulkner
State Bar No. 06857095
Coghlan Crowson, LLP
P.O. Box 2665
Longview, TX 75606
Telephone (903) 758-5543
Facsimile (903) 753-6989
rfaulkner@ccfww.com

ATTORNEYS FOR DEFENDANTS
TWENTIETH CENTURY FOX HOME
ENTERTAINMENT LLC, FOX
SEARCHLIGHT PICTURES, INC.,
LIGHTSTORM ENTERTAINMENT, INC.,
LIONS GATE ENTERTAINMENT INC., THE
WEINSTEIN COMPANY, LLC, CASTLE ROCK
ENTERTAINMENT, INC., TIME
WARNER INC., NEW LINE HOME
ENTERTAINMENT, INC., WARNER BROS.
HOME ENTERTAINMENT INC., ANCHOR
BAY ENTERTAINMENT, LLC, HOME BOX OFFICE,
INC., AND ON BEHALF OF THE MOVING
DEFENDANTS IN THE ABOVE-CAPTIONED
ACTIONS

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on February 10, 2012.

                                                    */s/ Rickey L. Faulkner*