Case 6:10-cv-00607-LED-JDL   Document 477   Filed 03/30/12   Page 1 of 8 PageID #: 4141

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PATENT HARBOR, LLC** | § § § | |
| Plaintiff, | § | |
| v. | § § | |
| **AUDIOVOX CORP., et al.,.** | § § | CIVIL ACTION NO. 6:10-CV-00361 LED-JDL |
| Defendants. | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| **LG ELECTRONICS, INC., et al.,** | § § | CIVIL ACTION NO. 6:10-CV-00436 LED-JDL |
| Defendants. | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| **TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, et al.,** | § § § § | CIVIL ACTION NO. 6:10-CV-00607 LED-JDL JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Supplement Invalidity Contentions (No. 6:10-cv-607, Doc. No. 426; No. 6:10-cv-436, Doc. No. 152) ("Motion"). The matter has been fully briefed. (No. 6:10-cv-607, Doc. Nos. 432 & 440; No. 6:10-cv-436, Doc. Nos. 156 & 157). For the reasons set forth below, Defendants' Motion is **GRANTED-IN-PART**, Defendants may supplement their Invalidity Contentions to include the prior art Elastic Charles and Avid/1 systems but may not include U.S. Patent. No. 5,237,648 (the "Mills patent").

**BACKGROUND**

1

Plaintiff Patent Harbor, LLC ("Patent Harbor") filed the three above captioned suits alleging infringement of asserted claims in U.S. Patent Nos. 5,684,514 and 5,977,992. Defendants are seeking leave to amend their Invalidity Contentions to include prior art learned of through the discovery process and to include prior art allegedly discovered because of this Court's October 24, 2011 Claim Construction Order. *See* MOTION at 3-5. While Defendants do not identify which provision in the Patent Rules they are relying on to supplement their infringement contentions, it appears Defendants are moving under P. R. 3-6(b). However, with regards to one of the supplemental references, Defendants make arguments better suited for amendment under P.R.3-6(a)(2).

Specifically, with regards to the Electric Charles system, Defendants seek to include supplemental claim charts and accompanying evidence describing two videos depicting the operation of the Elastic Charles system. *Id.* at 4. Defendants argue that they only recently learned of these video tapes through "the assistance of Dr. Michael Bove, who was a graduate student at the Massachusetts Institute of Technology at the time the Elastic Charles system was developed there." *Id.* Defendants served these additional charts and documents on Patent Harbor on December 16, 2011. *Id.*

Defendants also seek to supplement their Invalidity Contentions to include additional materials describing the Avid/1 system identified by Tom Ohanian, an original employee of Avid Technologies, Inc. *Id.* Defendants argue that Mr. Ohanian identified a 1989 video that he helped produce, actual Avid/1 software from 1989, and a marketing brochure from 1989. *Id.* at 4-5. Defendants served these additional charts and documents to Patent Harbor on December 16, 2011.

Lastly, Defendants seek to supplement their Invalidity Contentions with U.S. Pat. No. 5,237,648 (the "Mills patent"). Defendants argue that they only became aware of the Mills patent after analyzing the Court's claim construction opinion issued on October 24, 2011. *Id.* at 5. Defendants concede that the Mills patent is in the same field of other inventions disclosed in their original Invalidity Contentions, but argue that the Mills patent includes illustrations that will make it easier for the jury to understand the technology. *Id.*

## LEGAL STANDARD

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009).

Patent Rule 3-6(b) provides that a party may amend its invalidity contentions ("ICs") by order of the court upon a showing of good cause. When determining whether a party has shown good cause to amend its ICs under P.R. 3-6(b), a court must consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-cv-196, 2009 WL 763926, at *2 (E.D. Tex. Mar. 19, 2009).

The circumstances when leave of Court is not required to serve amended ICs are outlined in Patent Rule 3-6(a). Patent Rule 3-6(a)(2) permits a party to serve amended ICs "Not later than 50 days after service by the Court of its Claim Construction Ruling . . . if (A) a party

3

claiming patent infringement has served Infringement Contentions pursuant to P.R. 3-6(a), or (B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P. R. 3-6(a)(2). "This exception is intended to allow a party to respond to an unexpected claim construction by the Court." *Nike*, 479 F. Supp. 2d at 667. However, "[a] party cannot argue that simply because its precise proposal for a construction of a claim term is not adopted by the Court, it is surprised and must prepare new infringement [or invalidity] contentions." *Id.* at 667-68.

## ANALYSIS

### I. Mills Patent

With regards to the Mills patent, Defendants have not identified whether they seek to amend their ICs under P.R. 3-6(a)(2) or P.R. 3-6(b). Although both rules provide a mechanism for defendants to amend their invalidity contentions after the initial P. R. 3-3 & 3-4 disclosures, the rules require different approaches. As set forth above, P.R. 3-6(a)(2) permits a defendant to serve amended ICs when it "believes in good faith that the Court's Claim Construction Ruling so requires." In contrast, P.R. 3-6(b) requires the moving party to show "good cause." Throughout their briefing, Defendants argue that they should be permitted to amend their Invalidity Contentions to include the Mills patent based on the traditional "good cause" factors laid out in *Computer Acceleration Corp.* At the same time, however, Defendants argue that amendment is necessary because of the Court's Claim Construction Order, which suggests Defendants are justifying their amendment under 3-6(a)(2). *See* MOTION at 5, 10; REPLY at 2-3. As will be shown below, Defendants have shown neither "good cause" to amend nor a "good faith" belief that the Court's October 24, 2011 Claim Construction Order requires such an amendment.

*P.R. 3-6(a)(2): Good Faith Belief*

Defendants argue that the Court's construction of the term "content video image" as "a virtual representation of the content of the content addressable video" justifies amending their ICs to include the Mills patent. MOTION at 5. Courts in this district have long since held that:

> [Patent Rule 3-6(a)] is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement [or invalidity] contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties.

*Nike,* 479 F. Supp. 2d at 667. The Court continued, "[a] party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement [or invalidity] contentions." *Id.* at 667-68. Thus, Defendants must show that the Court's construction was so different from the parties' proposed constructions that amending their ICs is necessary.

In this case, however, Defendants do not explain why they believe the Court's construction warrants an amendment. Patent Harbor proposed "a visual representation of the content of the content addressable video" while Defendants proposed "a virtual space representing the content of content addressable video that while traversed results in corresponding content addressable video being recorded or displayed." *See* CLAIM CONSTRUCTION ORDER (Doc. No. 360 at 7-8). Thus, the Court's construction follows Patent Harbor's proposal with the exception that it replaces the word "visual" with "virtual." The Court notes that Defendants introduced the concept of a "virtual space" in their definition and therefore should not be surprised that the Court chose to use the concept of a "virtual representation." Thus, just as the *Nike* court, the Court "concludes that this definition was not so different from the parties' proposal as to warrant amended infringement [or invalidity] contentions based on the claim construction." *Nike*, 479 F. Supp. 2d at 609.

*P.R. 3-6(b): Good Cause*

Furthermore, Defendants have not shown that amending their ICs to include the Mills patent is warranted under the "good cause" requirement of P.R. 3-6(b). As noted above, in determining whether "good cause" has been shown, a court must consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *Cummins-Allison Corp.*, 2009 WL 763926, at *2.

*Diligence*

Defendants provide little argument to explain the reason for their delay or to explain their diligence. Defendants merely argue that they "had about six months to identify and locate prior art for purposes of their initial ICs. Despite their diligence, Defendants' counsel did not include the Mills patent when preparing those contentions." MOTION at 10. Defendants further argue that "[f]ollowing the *Markman* Order, Defendants further analyzed their invalidity defenses, and realized the Mills patent was highly relevant." *Id.* This does not amount to an explanation of *why* Defendants were unable to disclose the Mills patent, a publicly available reference, sooner. *See Computer Acceleration Corp.*, 481 F. Supp. 2d at 625 (finding that a seven week time constraint to produce invalidity contentions did not weigh in favor of granting Defendant's request to amend its ICs). To the extent that Defendants' argument regarding the Court's Claim Construction order is relevant to diligence, the Court finds it unpersuasive. Thus, this factor weighs against permitting Defendants to amend their ICs to include the Mills patent.

*Importance*

Defendants' arguments as to the "importance" factor amounts to (1) the Mills patent constitutes prior art under 35 U.S.C. § 102(e) and (2) the Mills patent includes visual diagrams

that will aid the jury's understanding. MOTION at 10. While the Court has previously noted the importance of "promot[ing] accuracy in fully representing to a jury the entirety [of a party's] good faith infringement [or non infringement] claims," this does not excuse a party from otherwise acting diligently. *See Performance Pricing, Inc. v. Google, Inc.,* No. 2:07-cv-432, 2009 U.S. Dist. LEXIS 84211, at *11-13 (E.D. Tex. Sept. 15, 2009). The Court is not persuaded that the Mills patent is of such critical importance to override Defendants' lack of diligence and the potential prejudice to Patent Harbor.

*Prejudice to Patent Harbor and Availability of a Continuance*

Patent Harbor argues that addition of the Mills patent is prejudicial because the Court has already issued its claim construction order. RESPONSE at 6. The Court agrees. Put simply, there appears to be no reason that Defendants could not have discovered the Mills patent prior to claim construction. *Computer Acceleration Corp.,* 481 F. Supp. 2d at 623. Further, as explained above, Defendants could not have been surprised by the Court's interpretation of "content video image" such that they would have been unable to anticipate the applicability of the Mills patent. With fact discovery closing on April 23, 2012, expert discovery closing on May 21, 2012, and trial set for October, 2012, there is little time to permit Patent Harbor to respond to a new prior art reference without substantially disrupting the Court's schedule. *Cf. id* at 627 (finding that defendant's addition of one prior art reference before claim construction commenced permitted ample time for plaintiff to respond and therefore weighed in favor of defendant's amendment).

For the reasons stated above, the Court finds that Defendants have not shown good cause to amend their ICs to include the Mills patent. The Defendants' failure to show adequate diligence, the nonessential nature of the prior art reference, and the danger of unfair prejudice to

Patent Harbor all weigh in favor of denying Defendants' motion to amend its ICs with regard to the Mills patent.

## II. Elastic Charles & Avid/1 Media Systems

The Court finds that Defendants have good cause to amend their ICs to include the additional information obtained through discovery regarding the Elastic Charles and Avid/1 Media systems. Defendants included some documents regarding these systems in their initial ICs, thus providing Patent Harbor notice of the prior art systems. Moreover, Patent Harbor makes no meaningful attempt to show that it will be prejudiced by Defendants' amendment with regards to these prior art systems. *See* RESPONSE at 6 ("Defendants' delay in introducing at least the Mills patent prejudices Patent Harbor"). Accordingly, the Court finds that Defendants have shown good cause to amend their ICs with regards to the Electric Charles and Avid/1 systems.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Supplement Invalidity Contentions (No. 6:10-cv-607, Doc. No. 426; No. 6:10-cv-436, Doc. No. 152) is **GRANTED-IN-PART.** Defendants may supplement their Invalidity Contentions with regards to the Electric Charles and Avid/1 systems but may not supplement their Invalidity Contentions to include the Mills patent. Defendants must serve these amended Invalidity Contentions no later than **April 6, 2012** if they have not already done so.

**So ORDERED and SIGNED this 30th day of March, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE