AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| PATENT HARBOR, LLC <br> *Plaintiff* <br> v. <br> TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 6:10-cv-607 <br> ) <br> ) (If the action is pending in another district, state where: <br> ) Eastern District of Texas |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Georgia Tech Research Corporation, c/o Office of Legal Affairs, 760 Sprint Street, N.W., Suite 324, Atlanta, Georgia 30332-0495

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Huseby & Associates <br> 1230 Peachtree Street, N.E., Promenade II, 19th Floor <br> Atlanta, GA 30309 | Date and Time: <br> 04/12/2012 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/04/2012

*CLERK OF COURT*

OR  _____[signature]_____

_____  _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Buena Vista Home Entertainment LLC__, who issues or requests this subpoena, are:

Jason M. Shapiro, Rothwell, Figg, Ernst & Manbeck, 607 14th St., N.W., Suite 800, Washington, DC 20005
Telephone: (202) 783-6040; Facsimile: (202) 783-6031; Email: jshapiro@rfem.com

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 6:10-cv-607

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### Definitions

1. The term "GTRC" refer to Georgia Tech Research Corporation as well as all companies, corporations, partnerships, associations, or other business entities which are or have been associated with Georgia Tech Research Corporation.

2. The term "Patents in Suit" encompasses U.S. Patent No. 5,684,514 (the "'514 patent") and U.S. Patent No. 5,977,992 (the "'992 patent") and any U.S. or foreign patent or patent applications that claim priority to or through any of the following: the '514 patent, the '992 patent, U.S. Patent Application Ser. No. 08/243,046, U.S. Patent Application Ser. No. 08/146,400, U.S. Patent Application Ser. No. 08/000,927, U.S. Patent Application Ser. No. 07/460,849, and U.S. Patent Application Ser. No. 08/925,828.

3. The term "Naimark Patents" encompasses U.S. Patent Application Ser. No. 07/50,196, U.S. Patent No. 4,857,902, as well as any U.S. or foreign patents or patent applications that claim priority to or through any of the foregoing patents and patent applications.

4. The terms "relate to" and "relating to" a given subject matter shall be construed to mean embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter.

5. The terms "Person" and "Entity" both encompass individuals and entities of all types, including but not limited to natural persons, businesses, firms, partnerships, associations, organizations, governmental units, joint ventures, and corporations.

6. "Document" as used herein shall mean every form of recording of information in a tangible medium that constitutes a "writing," "recording," or "photograph" under Rule 1001 of the Federal Rules of Evidence, or a "document," "tangible thing," or item of "electronically stored information" under Rule 34 of the Federal Rules of Civil Procedure. Every draft, annotated version, or otherwise non-identical copy of a "Document" is a separate "Document" as that term is used herein.

7. The term "Document" encompasses all Documents that are within your possession, custody or control. Without limiting the term "control," a Document is deemed to be within your control if you have ownership, possession, or custody of the Document, or the right to secure the Document or a copy of the Document from any person or public or private entity having physical possession of the Document.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The singular shall include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10. The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. If a request calls for the production of a Document as to which you claim any privilege or any other ground for withholding or otherwise failing to produce any requested Document, please provide, at the time at which the other Documents are produced, a log

which, separately for each Document not produced, sets forth: (1) the identity of the author thereof, the parties thereto, and any person who helped in the preparation of the Document; (2) the title or other identifying data sufficient to describe the Document for purposes of a subpoena duces tecum; (3) the date of the Document, or if no date appears thereon, the approximate date; (4) the identity of each person to whom the Document, or any copy thereof, was transmitted, shown, or disclosed by any entity; (5) the identity and location of each person having or last having possession, care, custody, or control of the Document and each of any copies thereof; (6) the purpose for which the Document was prepared; (7) the non-privileged contents of the Documents, if any portion thereof is not subject to a claim of privilege; and (8) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required to test the claim of privilege on a motion to compel.

12. In producing the Documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file a photographic or electrostatic duplicate of all written or printed material on the original file folder.  In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder.  The integrity and internal sequence of the requested Documents within each folder shall not be disturbed. Under no circumstances shall Documents from any file folder be commingled with Documents from any other file folder.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to any and all correspondences with Advanced Interaction.

2. All documents relating to any and all correspondences with Hill Branscomb.

3. All documents relating to Advanced Interaction.

4. All documents relating to GTRC-ADVANCED INTERACTION, INC. Atlanta Videomap System Agreement.

5. All documents relating to the Atlanta Videomap System.

6. All documents relating to software converting CAD models to computer renderable models for the Atlanta Videomap System.

7. All documents relating to Witness Point Tracking for the Atlanta Videomap System.

8. All documents relating to GTRC Background Technology for the Atlanta Videomap System.

9. All documents relating to software or computer code for the Atlanta Videomap System.

10. All documents that constitute or reflect communications relating to the Patents in Suit or the Naimark Patent.

11. All documents that constitute, mention or refer to any contract or agreement relating to any of the Patents in Suit or the Naimark Patent, including without limitation any license agreements relating to any of the Patents in Suit or the Naimark Patent.

12. All documents that constitute or reflect communications with Hill Branscomb's attorneys.